IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Ft. Lauderdale Division

CASE NO. 16-CV-62009

ENRIQUE MADRINAN,

    Plaintiff,

v.

THE CITY OF HOLLYWOOD,

    Defendant.

## COMPLAINT

Plaintiff ENRIQUE MADRINAN ("**Plaintiff**"), pursuant to Title II of the Americans with Disabilities Act 42 U.S.C. §§ 12101–12103, and 12131–12134, ("**ADA**"), the American with Disabilities Act Accessibility Guidelines 28 C.F.R. § 35 ("**ADAAG**"), Florida Americans with Disabilities Accessibility Implementation Act and the Florida Accessibility Code for Building Construction sections 553.501–553.513 ("**FADAI**"), and section 504 of the Rehabilitation Act of 1973 (codified 29 U.S.C. § 701–718) ("**RA**"), hereby sues Defendant CITY OF HOLLYWOOD ("**Defendant**") and states:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343.

2. This Court also has supplemental jurisdiction over Plaintiff's State law claims pursuant to 28 U.S.C. § 1367(a).

3. Venue in this district is proper under 28 U.S.C. § 1391 because the real property that is the subject of this action is located in, and the acts or omissions giving rise to this action occurred in, the Southern District of Florida.

## PARTIES

4. Plaintiff is an individual over 18 years of age, *sui juris*, who is a resident of the State of Florida.

5. Plaintiff is a qualified individual under the ADA, FADAI and the RA because he is a disabled individual who has a physical impairment that substantially limits one or more major life activities.

6. Specifically, Plaintiff has a physical impairment that requires him to use a wheelchair to ambulate

7. Additionally, Plaintiff is also a qualified individual with a disability who meets the essential eligibility requirements for participation in programs or activities provided by a public entity—i.e., uses on-street parking.

8. Defendant is a municipal corporation and political subdivision of the State of Florida and located within Broward County, Florida.

9. Additionally, Defendant is a public entity within the meaning of 42 U.S.C. § 12131 of the ADA.

10. Upon information and belief, Defendant is the recipient of Federal funds.

11. Defendant, is the owner and lessor of real property (and on-street designated parking spaces) and programs which apply thereto located on Hollywood Boulevard between U.S. 1 and 21st Avenue, Hollywood, Florida (the **"Subject Property"**).

12. Defendant promulgated, operates, and maintains an on-street parking program on the Subject Property and within the limits of the City of Hollywood.

## GENERAL ALLEGATIONS

13. On-street parking provided by Defendant is covered by the ADA ADAAG, FADAI, and RA because it is a program offered by Defendant to respective residents and the general public.

14. As part of the on-street parking program (the **"Program"**), Defendant provides a limited number of designated accessible spaces.

15. Defendant has excluded Plaintiff, and others similarly situated, from participation in the Program.

16. Defendant was/is required to make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability as mandated by 28 C.F.R. § 35.130(b)(7) of the ADAAG.

17. Plaintiff has knowledge that the Program is in violation of the ADA, ADAAG, FADAI and RA and discriminating against individuals with disabilities.

18. In or about September 2015 and again on or about January 2016, Plaintiff was unable to utilize the designated accessible parking spaces proved by Defendant as a result of architectural barriers.

19. Plaintiff sought, and seeks, to partake in the on-street parking program offered by Defendant; however, he was subjected to discrimination by Defendant on the basis of his disability due to Defendant's ADA, ADAAG, FADAI and RA violations.

20. Plaintiff shall return to the Subject Premises to use the Program once the barriers violating the ADA, ADAAG, FADAI and the RA are removed; however, Plaintiff is currently deterred from returning as a result of the barriers to access present.

21. Plaintiff will be denied full access to the Subject Premises, as provided by the ADA, ADAAG and RA, unless the injunctive relief requested herein is granted.

22. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA, ADAAG, FADAI and RA, by Defendant if said violations are not corrected and made ADA, ADAAG, FADAI and RA compliant and otherwise accessible.

23. Plaintiff is unable to avail himself of the Program due to the manner in which these accessible spaces have been configured which render it impossible for Plaintiff to safely and adequately deploy his lift onto a firm and stable surface with adequate clearance to traverse from the access aisle to the sidewalk proper.

24. Further, there is no access aisle provided on the passenger side for a van accessible angled parking space.

25. Local ordinance prohibits Plaintiff from backing into the spot in order to deploy the lift adjacent to the existing curb ramp, thus rendering the purported designated "accessible parking space" as inaccessible to Plaintiff and all those similarly situated.

26. Plaintiff is also a tester for the purpose of asserting his civil rights by monitoring, ensuring, and determining whether programs, activities, and services of public entities, are in compliance with the ADA, ADAAG, FADAI and RA.

27. Additionally, Plaintiff has knowledge that the Premises contains numerous inaccessible elements that prevent access and are a threat to his safety and the safety of individuals with disabilities.

28. Plaintiff desires to visit the Subject Premises again, not only to use the Program, but to assure himself that the Subject Premises is in compliance with the ADA, ADAAG, FADAI and RA thus ensuring that individuals with disabilities, including himself, will have full and equal enjoyment of the Subject Premises and Program without fear of discrimination.

29. Plaintiff has a real, continuing, and immediate threat of future discrimination by Defendant's violation of and non-compliance with the ADA, ADAAG, FADAI and RA because he plans on returning to the Subject Premises in the near future.

30. Defendant has discriminated and continue to discriminate against Plaintiff by denying him access and the full and equal enjoyment of the Program and Subject Premises in violation of the ADA, ADAAG, FADAI and RA by failing to remove architectural barriers so that the Subject Premises and Program may be accessible to and usable by individuals with disabilities such as Plaintiff.

31. Defendant is in violation of the ADA, ADAAG, FADAI and the RA and is discriminating against Plaintiff as a result of the following violations:

### HOLLYWOOD BLVD BETWEEN US1 AND 21TH AVE:

a. No access aisle is provided at the designated accessible spaces.

b. The current on-street angled parking along the built-up sidewalk is designed in such a manner that cars and vans, when parked, obstruct the required clear width of adjacent accessible routes.

c. It is impossible, if not highly dangerous, for an individual in a wheelchair to deploy a lift and proceed to the sidewalk and general circulation route thereof due to the presence of changes in level and location of the curb ramp to the angled parking.

d. The angled parking does not provide a single van accessible space with access aisle located on the passenger side of the parking space.

e. The city's mandatory "head-in" parking rule creates a situation where an individual in a wheelchair is not able to deploy a lift when the clear width area where an access aisle would typically be located is not present on the passenger side.

32. The discriminatory violations described herein may not be an exclusive list of Defendant's ADA, ADAAG, FADAI and RA violations because Plaintiff was unable to access and assess all areas of the City of Hollywood which have similarly inaccessible parking spaces. A *complete* list of the Subject Premises' ADA, ADAAG, FADAI and RA, violations, and the remedial measures necessary to remove same, will require an on-site inspection and review of the program by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

33. By encountering the discriminatory conditions at Subject Premises as a result of the Program, and knowing that it would be a futile gesture to return to use Program unless Plaintiff is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the Subject Premises and deterred and discouraged from RAveling to same when in conRAst the Subject Premises is readily available to able bodied patrons and the general public.

34. By providing an on-street parking program with ADA, ADAAG, FADAI and RA violations, Defendant deprives Plaintiff of the equal opportunity offered to the general public to use the Subject Premises without fear of being subjected to discrimination.

35. Plaintiff retained undersigned counsel for the filing and prosecution of this action and has agreed to pay counsel reasonable attorneys' fees and costs incurred in this action for which Plaintiff is entitled to recover pursuant to 29 U.S.C. § 794a(b), 42 U.S.C. § 12205, and 28 C.F.R. § 35.175.

36. Plaintiff demands a non-jury trial on all issues to be tried herein.

### COUNT I—CLAIM FOR INJUNCTIVE RELIEF
**(Against Defendant ADA Title II Violations)**

37. Plaintiff re-avers and incorporates paragraphs 1–36 as if fully set forth herein.

38. This action arises pursuant to Title II of the ADA.

– 7 –

39.     Plaintiff has been denied access to, and has been denied the benefits of the Program, and has otherwise been discriminated against and damaged by Defendant's existing ADA violations at the Subject Premises.

40.     Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Subject Premises and using the Program without the relief demanded herein pursuant to the ADA.

41.     Plaintiff has suffered, and continues to suffer, frusration and humiliation as a result of the discriminatory conditions present at the Subject Premises due to the Program.

42.     By continuing to operate the Program and the Subject Premises with discriminatory conditions in violation of the ADA and ADAAG, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the program and services available to the able bodied individuals of the general public.

43.     Pursuant to 42 U.S.C. §§ 12133 and 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Subject Premises, make the Subject Premises readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and close the Subject Premises until the requisite modifications are complete.

WHEREFORE, Plaintiff ENRIQUE MADRINAN respectfully requests this Court issue a permanent injunction enjoining Defendant CITY OF HOLLYWOOD from continuing its discriminatory practices, ordering Defendant to alter the Subject Premises as appropriate to comply with the ADA and ADAAG, ordering Defendant to maintain accessible features at the premises, awarding reasonable attorneys' fees and costs incurred in this action, and closing the Subject Premises until the requisite modifications are completed, and for such further relief this court deems just and proper.

## COUNT II—CLAIM FOR INJUNCTIVE RELIEF
### (Against Defendant FADAI Violations)

44. Plaintiff re-avers and incorporates paragraphs 1–36 as if fully set forth herein.

45. This action arises pursuant to FADAI.

46. Plaintiff has been denied access to, and has been denied the benefits of the Program, and has otherwise been discriminated against and damaged by Defendant's existing FADAI violations at the Subject Premises.

47. Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Subject Premises and using the Program without the relief demanded herein.

48. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Subject Premises due to the Program.

49. By continuing to operate the Program and the Subject Premises with discriminatory conditions in violation of the ADA, ADAAG, and FADAI Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the Program and services available to the able bodied individuals of the general public.

50. Pursuant to 42 U.S.C. §§ 12133 and 12188, 28 U.S.C. § 1367(a), Fla. Stat. §§ 553.501–553.513, and section 553.84, Florida Status this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Subject Premises, make the Subject Premises readily accessible to, and useable by, individuals with disabilities to the extent required by the FADAI, and close the Subject Premises until the requisite modifications are complete.

WHEREFORE, Plaintiff ENRIQUE MADRINAN respectfully requests this Court issue a permanent injunction enjoining Defendant CITY OF HOLLYWOOD from continuing its discriminatory practices, ordering Defendant to alter the Subject Premises as appropriate to comply with the FADAI, ordering Defendant to maintain accessible features at the premises, awarding reasonable attorneys' fees and costs incurred in this action, and closing the Subject Premises until the requisite modifications are completed, and for such further relief this court deems just and proper.

### COUNT III-VIOLATIONS OF THE REHABILITATION ACT
**(Against Defendant City of Hollywood)**

51. Plaintiff adopts and re-alleges the allegations contained in Paragraphs 1–36, as if fully stated herein.

52. Plaintiff brings this count against Defendant pursuant to the RA.

53. The Rehabilitation Act provides:

> No otherwise qualified individual with handicaps in the United States, as defined in section 705(20) of this title, shall, solely by reason of his or her handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a).

54. As set forth herein, Defendant has violated RA by intentionally excluding Plaintiff, solely by reason of his disability, from the participation in, and denying him the benefits of, and has otherwise subjected him to discrimination under the Defendant's programs and activities.

55. A non-exclusive list of Defendant's violations of RA and discriminatory conduct against the Plaintiff are evinced by the violations set forth this complaint, and as follows:

a) denying Plaintiff access to, and the opportunity to participate in or benefit from, the aids, benefits, activities, programs, accommodations and services offered by Defendant;

b) by otherwise limiting Plaintiff in the enjoyment of the rights, privileges, advantages and opportunities enjoyed by individuals without disabilities who receive defendant's aids, benefits and services;

c) making selections that have the effect of discriminating against individuals with disabilities and excluding them from and denying them the benefits of, and defeating or substantially impairing the accomplishment of the objectives of, the services, programs and activities offered by Defendant;

d) failing to make reasonable modifications in policies, practices and procedures which modifications are necessary to avoid discrimination on the basis of disability;

e) failing to administer services, programs and activities in the most integrated setting appropriate to the needs of Plaintiff;

f) excluding plaintiff from participation in, and the benefits of, Defendant's services programs and activities as a result of Defendant's Program being inaccessible to or unusable by Plaintiff;

g) failing to operate each program, service and activity so that the programs, services and activities are readily accessible to and useable by individuals with disabilities;

56. Upon information and belief, there are additional, ongoing violations of RA at the subject premises which Plaintiff will encounter upon his future visits to the Subject Premises. Plaintiff brings this claim:

a) to redress injuries suffered as a result of Defendant's discriminatory actions and inactions set forth herein;

b) to reasonably avoid further and future injury to Plaintiff as a result of Defendant's ongoing failure to cease its discriminatory practices as set forth in this action, including correcting violations of the Act;

c) to ensure Defendant's Program is accessible as required by the relevant applications of Titles II, over thirteen years after the effective date of the ADA;

d) to be made whole for the emotional distress and other injuries resulting from Defendant's intentional discrimination; and,

    e)    to reasonably avoid future ADA/ RA litigation involving the same property, program, and under the same laws as set forth herein with its concomitant impact on otherwise scarce judicial resources.

57. Only through a complete inspection of the Subject Premises and the Program, undertaken by Plaintiff and/or his representatives, can all said violations be identified and cured so as to ensure access for the disabled, the primary purpose of this action.

58. As the recipients of federal funds, Defendant is liable for economic and non-economic compensatory damages to the individual Plaintiff as a result of Defendant's acts and omissions constituting intentional discrimination.

59. As set forth above, Plaintiff has been denied access to, and has been denied the benefits of the services and programs offered by Defendant solely by reason of his disability, and has otherwise been discriminated against and damaged solely by reason of his disability as a result of RA violations set forth above.

60. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and have agreed to pay his counsel reasonable attorneys' fees, including costs and litigation expenses, incurred in this action. Plaintiff is entitled to recover those attorneys' fees, costs and litigation expenses from Defendant pursuant to 29 U.S.C. § 794a(b).

61. Pursuant to 29 U.S.C. §794a this Court is provided authority to grant Plaintiff's injunctive relief including an order to alter the subject premises and programs to make them accessible to and useable by individuals with disabilities to the extent required by RA; closing the Subject Premises and discontinuing all non-complying services, activities, programs and accommodations until the requisite modifications are completed; and, granting the Plaintiff compensatory damages for Defendant's discriminatory actions.

WHEREFORE, Plaintiff ENRIQUE MADRINAN respectfully requests the following:

1. The Court issue a permanent injunction enjoining the Defendant City of Hollywood from continuing its discriminatory practices in its on-street parking program.

2. Ordering Defendant City of Hollywood to alter, modify, and maintain the Subject Premises and on-street parking program as appropriate to comply with the Rehabilitation Act.

3. Closing the Subject Premises and discontinuing all non-complying services, activities, programs and accommodations until the requisite modifications are completed.

4. Awarding the Plaintiff his reasonable attorneys' fees, costs and litigation expenses incurred in this action, and,

5. Awarding Plaintiff economic and non-economic compensatory damages as well as such further relief that the Court deems to be just and proper.

Dated: August 22, 2016

Respectfully submitted,

By:   s/ Rafael Viego III, Esq.
      Rafael Viego III, Esq.
      Florida Bar. No. 60967
      **FEDERAL DISABILITY ADVOCATES**
      *Attorneys for Plaintiff*
      4300 Biscayne Boulevard, Suite 305
      Miami, Florida 33137
      Telephone:   (305) 717-7530
      Facsimile:   (305) 717-7539
      E-mail:      mlopez@jltrial.com
      E-mail:      rviego@jltrial.com
      E-mail:      eservice@jltrial.com